IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 17 2003

CLERK

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

No. CIV-02-1600 JP/WWD
CR-96-147 JP

MIGUEL VASQUEZ,

Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to dismiss indictment (CV Doc. #1; CR Doc. #352) filed December 16, 2002. The motion asserts that the indictment failed to charge a material element of the offense and thus was defective. As a result, Defendant claims, under the Fifth Amendment the Court was without jurisdiction to convict and sentence him.

Defendant's motion was not filed timely and may not be considered by the Court. "[A] motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a [28 U.S.C.] § 2255 motion." *United States v. Preciado-Quinonez*, No. 00-6202, 2002 WL 31745044, at *1 (10th Cir. Dec. 9, 2002). The motion to dismiss indictment will be denied.

Under rules governing construction of pro se pleadings and as stated in *Preciado-Quinonez*, Defendant's motion should be considered as made under § 2255. As the Tenth Circuit instructs in this circumstance, "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or

(b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (quoted in *Kelly*, 235 F.3d at 1242). In light of the ruling in *Kelly*, the Court notes that the instant motion, if pursued under § 2255, may be barred as untimely or as a second or successive § 2255 motion. Furthermore, Defendant may be barred from filing subsequent § 2255 motions. The motion to dismiss, if not withdrawn, will be recharacterized and considered as a motion under 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that the relief sought in Defendant's motion to dismiss indictment (CV Doc. #1; CR Doc. #352) filed December 16, 2002, is DENIED;

IT IS FURTHER ORDERED that Defendant is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may withdraw his motion or notify the Court in writing that he agrees to have the motion recharacterized and considered as a motion under 28 U.S.C. § 2255.

_____
UNITED STATES DISTRICT JUDGE

2